## INJURY TO EMPLOYE WHILE OBEYING INSTRUCTIONS.

Circuit Court of Lucas County.

CLARENCE S. DOYLE v. THE TOLEDO FURNACE CO.

Decided, June 12, 1909.

A peremptory order from a master to a servant to do a certain thing does not of itself render the master liable for injuries received by the servant while obeying the command so given, where the thing ordered done is of a simple every day character and one which any adult would understand as fully as the master.

*Stephen Brophy,* for plaintiff in error.
*King & Tracy,* contra.

KINKADE, J.; PARKER, J., and WILDMAN, J., concur.

The common pleas court directed a verdict for the defendant on the authority of *Nussbaum* v. *The Lake Shore.* It is said that the trial judge made a serious error in failing to discover the fact that this case belongs in a different class than cases like the Nussbaum case, for the reason that in this case there was a peremptory order by the master to do what was done by the servant, and hence none of the principles involved in the Nussbaum case apply here. We are advised that this case belongs to that class of cases best described by our own Supreme Court in the Van Duzen case, 61 O. S., 298, and all that is necessary is to assign this case to its proper place, and all difficulties will at once disappear. From the number of times that this Van Duzen case is cited as a controlling authority in personal injury cases, one might conclude that it is a specific for all ills and injuries arising from torts of every kind. Just why it should be so regarded, when the case makes no such pretensions and the Supreme Court has several times stated its proper scope, we do not pretend to understand.

We have devoted a good deal of time to an examination of the record in this case and have examined with care the brief of counsel for plaintiff in error. This brief is very exhaustive,

very well prepared for ready reference with the least practicable confusion and delay in finding what is wanted on any of the points discussed, and it may be said that it fairly covers about all the important cases to be found on the different subjects treated. It is said that when the situation is properly considered from the right view point, harmony and only harmony can be seen in all the well considered cases on questions involved. This may be so, but as we read the cases there is a good deal of conflict. We can not take the time to review all the cases cited by counsel, and we will only state the conclusions we have reached in this case.

Even considering that there was a peremptory command from the master to the servant in this case to do the thing that was done, we are of the opinion that no recovery can be had in this case for the reason that the order was to an adult and was to do a thing in no sense out of the ordinary course of human affairs, a simple thing that any adult can know all about as easily as can the employer. If the doctrine contended for by the plaintiff in this case is correct, then before any employer can safely ask a servant to chop wood, the master must first learn whether the servant knows that in chopping wood chips may fly, or else he may be liable for an injury caused by flying chips. It is even said that in all cases where a peremptory order is given, the burden is upon the master to show that the servant not only knew what was likely to happen, but that he fully appreciated the situation in all its respects. We say that it is no hardship to hold than an adult who understands the intricacies of the Australian ballot should be presumed to know the powerful simplicity of the ax, the hammer, the spade and the pick. We need not multiply illustrations. Many will readily suggest themselves to anyone who considers the subject in all its scope.

Our conclusion is that the principles contended for, while proper enough in cases to which they may apply, have no application to the commonplace every day affairs of men that are perfectly simple and easily comprehended by any adult person. We are aware that cases like the one at bar in many respects have been sustained by courts, and our conclusions have not

been arrived at without a full consideration of the reasoning in those cases, but after full reflection, we feel compelled to decline to follow these decisions.   If any such rule is to be adopted in Ohio, we have no ambition to be the first in announcing it. We prefer to respectfully wait until we hear from our own Supreme Court on this subject.   We find no prejudicial errors in the record and the judgment of the court of common pleas will be affirmed.

---

### SAVING AGAINST STATUTORY LIMITATION IN CASE OF REVERSAL.